## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IN RE HANSEN NATURAL CORP. DERIVATIVE LITIGATION | CASE NO. EDCV 07-00037 JFW (PLAx)<br>*(Consolidated with EDCV 06-1393 JFW (PLAx))* |
| THIS MATTER PERTAINS TO ALL CASES | |

### FINAL ORDER AND JUDGMENT

The above-captioned matter, having come before the Court for hearing, as noticed, on May 5, 2008, at 1:30 p.m., pursuant to the Order of this Court, dated February 28, 2008 (the "Preliminary Approval Order"), to consider and determine the matters set forth in the Preliminary Approval Order; and due and sufficient notice having been given in accordance with the provisions of the Preliminary Approval Order, and all persons having any objection to the proposed settlement of the above captioned action and all related actions in the Stipulation and Agreement of Settlement, dated as of February 25, 2008 (the "Stipulation"), or the request for attorneys' fees and expenses in this action having been given an opportunity to present such objections to the Court; and the Court having heard and considered the matter, including all papers filed in connection therewith, and the oral

presentations of counsel and any objections raised at said hearing, and good cause appearing therefor:

THE COURT HEREBY FINDS, DETERMINES, ORDERS AND ADJUDGES AS FOLLOWS:

1. Unless otherwise stated, all capitalized terms used in this Order shall have the same meaning as defined in the Stipulation.

2. The Notice of *In re Hansen Natural Corp Derivative Litigation*, disseminated to all Hansen Shareholders and the Summary Notice, published in the *Investor's Business Daily* on March 20, 2008 (the "Notice"), as detailed in the Status Report and Submission of Affidavits of Mailing and Publication submitted to the Court on March 27, 2008, are hereby determined to be reasonable and sufficient notice of the proposed Settlement, the best notice practicable under the circumstances, and in compliance with Rule 23.1 of the Federal Rules of Civil Procedure and the due process requirements of the United States Constitution.

3. The Stipulation and the terms of the proposed Settlement as set forth therein are found to be fair, reasonable, and adequate as to each of the parties, and to be in the best interests of nominal defendant Hansen Natural Corp. ("Hansen" or the "Company"), and are hereby approved. The parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

4.     Subject to the provisions herein, this action is hereby dismissed with prejudice, with each party to bear his, her or its own costs (except as otherwise provided in this Order or the Stipulation).

5.     Hansen, Plaintiffs and each of the Hansen Shareholders are hereby barred and permanently enjoined from commencing, instituting, maintaining, prosecuting or continuing to maintain or prosecute any of the Released Claims or any action or other proceeding, brought on behalf of themselves or derivatively on behalf of Hansen, against any of the Released Persons based on, arising out of, related to, or in connection with, the Released Claims, except for claims to enforce the terms of the Stipulation.

6.     The Court hereby decrees that neither the Stipulation nor the Settlement, nor this Judgment, nor the fact of the Settlement, is an admission or concession of any fault, liability or wrongdoing by any of the Defendants or Hansen.  This Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the above captioned action.  Neither the Stipulation nor the Settlement, nor this Judgment, nor the fact of the Settlement, nor the settlement proceedings, settlement negotiations, or any related documents, shall be used or construed as an admission of any fault, liability or wrongdoing by any of the Defendants or Hansen, or be offered or received in evidence as an admission, concession, presumption or inference against any of the Defendants or

Hansen in any proceeding other than such proceedings as may be necessary to consummate or enforce this Settlement.

7. The Settlement was arrived at through arm's-length, good-faith negotiations between the parties hereto.

8. Plaintiffs' Counsel are hereby awarded attorneys' fees and expenses in the amount of $ 437,500. The Court finds that this amount is fair and reasonable for the reasons set forth in Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Final Approval of Derivative Settlement. Payment of such award of attorneys' fees and expenses shall be made in accordance with the provisions of the Stipulation.

9. Without in any way affecting the finality of this Judgment, this Court shall retain continuing jurisdiction over this action and the parties to the Stipulation so as to enter any further orders as may be necessary to effectuate or enforce the terms and provisions of the Stipulation and the Settlement provided for therein, to protect and effectuate the provisions of this Judgment, and to hear and determine other matters relating to the administration, consummation, construction, or enforcement of the Settlement provided for in the Stipulation and in this Judgment.

10. In the event that the Settlement does not become Final in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be

vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation. In such event the findings herein shall also be null and void and the parties shall be restored to their respective positions as of February 25, 2008.

IT IS SO ORDERED.

Dated:   May 5, 2008              ENTER:_____
                                         Hon. John F. Walter
                                         United States District Judge